**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANGEL MARIA ATENCIO SILVA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DIAMONDBACK CORRECTIONAL FACILITY, et al.,<br><br>Respondent. | ) | Case No. CIV-26-02452-JD |

# ORDER

Petitioner Angel Maria Atencio Silva ("Petitioner") filed a Petition for Writ of Habeas Corpus [Doc. No. 1], challenging Petitioner's current immigration detention and requesting immediate release. Respondents filed a Response [Doc. No. 9], and Petitioner filed a Reply [Doc. No. 10].

Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), controls this Court's decision in this immigration habeas action. [Doc. No. 9 at 1]. In admitting that *Santillan Quiroz* controls, Respondents reserve their appellate rights and note a petition for a writ of certiorari pending before the U.S. Supreme Court on the legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A).[1] [Doc. No. 9 at 1 & n.1].

Petitioner's Reply does not meaningfully add to or address the Response, requesting release rather than a bond hearing and seeming to base Petitioner's arguments

[1] The Court granted certiorari on a substantially similar case in the Second Circuit. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104 (Oct. 1, 2026).

on the premise that Respondents contend Petitioner is an arriving alien. [Doc. No. 10 at 1–3]. Respondents make no such allegation. *See generally* [Doc. No. 9 at 1–3]. The remainder of Petitioner's Reply arguments simply do not alter the calculus as to whether release is the appropriate remedy in lieu of a bond hearing. In the Petition, Petitioner sought "any other relief the Court deems just and proper." [Doc. No. 1 at 7]. And the Court may grant less or different relief than that requested, as the Court is not bound strictly to the prayer for relief. Fed. R. Civ. P. 54(c) ("[The] judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."); *cf. Marshall v. Quik-Trip Corp.*, 672 F.2d 801, 805 (10th Cir. 1982).

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. The Court also DENIES as moot Petitioner's

Request for Immediate Release [Doc. No. 2], and his Emergency Motion for Preliminary Injunctive Relief and Immediate Release [Doc. No. 3]. A separate judgment will follow.

IT IS SO ORDERED this 13th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE